In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-184 CR


____________________



GEORGE ROY BROWN, SR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A 010583-R






OPINION


 A jury found George Roy Brown, Sr., to be guilty of aggravated assault and
assessed punishment at twenty-seven years of confinement in the Texas Department of
Criminal Justice, Institutional Division. The appellant raises two points of error on appeal.
 Briefly stated, Brown's estranged wife testified that Brown pushed her out of an 80's
model Lincoln Town Car as they traveled down an interstate highway at 70 m.p.h. The
victim sustained a leg fracture. According to the statement that the defendant gave to the
police, his wife "went crazy" and slid out of the car on her own. At trial, Brown testified
that he tried to keep her in the car. 

 Point of error one alleges Brown received ineffective assistance of counsel. 
Specifically, Brown urges that counsel's performance was deficient because the attorney
did not file any pre-trial motions and did not request monies for expert testimony on the
issue of whether it would be physically possible to forcibly eject an unwilling person from
such a large vehicle while moving at highway speed. 

 To support a claim of ineffective assistance of counsel, the appellant must prove
both that counsel's performance was deficient and that this deficient performance
prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). 
"Ineffective assistance of counsel claims are not built on retrospective speculation; they
must 'be firmly founded in the record.' That record must itself affirmatively demonstrate
the alleged ineffectiveness." Bone v. State, 77 S.W.3d 828, 835 (Tex. Crim. App.
2002)(quoting Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999)). The
presumption of reasonable effectiveness cannot ordinarily be overcome absent evidence in
the record of the attorney's reasons for her conduct. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). Brown suggests, "If Counsel had obtained expert testimony
she would have discovered that it would be nearly impossible to push someone out of a car
such as the Lincoln Town Car while traveling 70 m.p.h." This bold statement enjoys no
support from the appellate record. Appellate counsel was appointed on the same date as
sentencing but did not file a motion for new trial. Therefore, we have no record, usually
developed in a motion for new trial hearing or on writ of habeas corpus, in which trial
counsel's trial strategy and preparation for the case is described and explained. Without
such a record, Brown fails to overcome the presumption of reasonable effectiveness. See
Jackson v. State, 877 S.W.2d at 771. Point of error one is overruled.

 Point of error two urges the evidence is insufficient to support the conviction. 
When reviewing the legal sufficiency of the evidence, we look at the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). When reviewing
the factual sufficiency of the evidence, we must decide whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the factfinder's determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We set aside the verdict only
if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). 

 First, Brown argues, "How reasonable is it to determine that a person could reach
over the passenger, open the passenger door, and push the passenger out the door." He
notes that the vehicle never veered from its lane of travel, and that the wind velocity on
the heavy door of the Lincoln would keep the door closed. Brown testified at trial that he
did not punch his wife, and that he grabbed her to hold her in the vehicle after she opened
the door and pushed it with her foot in what he implied was an attempt to commit suicide. 

 The victim's story varies in significant respects from that of the defendant. The
victim testified that the appellant accused her of having an affair, told her "that he had
killed before and when you kill someone over the Louisiana state line, the charges is [sic]
not as heavy as they are in Beaumont," refused her request to get out of the car, then
grabbed her hair, wrapped it around his hand and forcefully struck her head against the
steering wheel twice. The victim felt dizzy but fought back by hitting Brown with a cup
holder. Brown took the cup holder from her, then started hitting her in the chest and face.
He knocked the wind out of her, then, from a point near the middle of the car opened the
passenger side door. Brown punched the victim hard in the chest, causing her weight to
press against the unlatched door so that she fell out of the vehicle. She momentarily
grabbed onto the door, but Brown continued to hit her and her body struck the road. The
victim screamed, "My legs are broke. Stop the car." Brown slowed down and said, "I'm
going to drag you back in the car so I can kill you." She landed in the road and crawled
away. Her broken leg collapsed under her while she was still on the highway. Other
motorists helped drag her off the road. She said that her husband was trying to kill her. 
Brown approached very quickly, called her a "stupid bitch" and grabbed her neck, picked
her up, and threw her back on the road. He returned to his vehicle and drove away. 

 Several highway motorists noticed the Browns. One eyewitness testified that Brown
was leaning over towards the passenger, and the witness saw Brown shove the victim out
of the car. Another eyewitness saw the victim hanging from the car door while the bottom
half of her body struck the road and twisted. Another eyewitness testified that the victim
kept screaming, "Don't let him get me" and that the appellant called the victim insulting
names as he approached her on the roadway. A fourth eyewitness testified that he saw
Brown pick up the victim in a headlock, then angrily throw her down. A county jail
confinee testified that Brown admitted to him that he had gotten into an argument with the
victim and shoved her out of the car, then cussed her. That witness also testified that the
appellant later told him that she jumped out of the car. 

 Viewed in the light most favorable to the verdict, the complainant testified that the
appellant assaulted her, opened the car door, and pushed her out of the vehicle, and that
her resulting contact with the road caused her leg fracture. A rational jury could believe
her testimony and that of the other motorists who testified at trial, and conclude from that
testimony that the appellant assaulted his wife as alleged in the indictment. Viewing the
evidence in a neutral light, Brown and his wife were essentially engaged in a swearing
match. However, the eyewitnesses' recollections supported the victim's claim that the
appellant hit the victim and pushed her out of the car, then continued to act violently
towards her after he stopped the car. The testimony of the disinterested witnesses varied
only in minor details from that of the victim. Although maintaining control over an
automobile while pushing someone out of it would certainly present a challenge, the record
does not compel a conclusion that it would be physically impossible to do so. We hold that
the evidence is both legally and factually sufficient to support the verdict of the jury in this
case. Point of error two is overruled. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on April 30, 2003

Opinion Delivered May 7, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.